UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL LANDRY, TREADWELL FRANKLIN INFRASTRUCTURE CAPITAL, LLC, and PATRIOT OFFSHORE MARINE SERVICES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>QBE Europe SA/NV,<br><br>Defendant. | Civil Action No.: 1:24-cv-12062-AK |

## THE PARTIES' JOINT MOTION TO STAY

Plaintiffs Michael Landry, Treadwell Franklin Infrastructure Capital, LLC, and Patriot Offshore Marine Services, LLC ("Plaintiffs"), and Defendant QBE Europe SA/NV ("QBE") jointly move this Court to stay the above-captioned matter pending the outcome of a related case noted below. As grounds therefor, the parties state the following:

1. This bad faith claims handling case is borne from the underlying action pending in this Court, captioned *Michael Landry, et al. v. World Marine Offshore A/S, et al.*, Case No. 1:22-cv-11432-AK, which was filed on September 7, 2022 ("the Underlying Action"). The Underlying Action is based on allegations that the defendants breached their duties and committed other tortious acts concerning a joint venture with the plaintiffs, which secured charters for crew transfer vessels to support the construction and operation of offshore wind farms in the United States. Plaintiffs allege that they sustained monetary damages as a result of defendants' actions. The defendants in the Underlying Action deny the plaintiffs' allegations of wrongdoing and contend that plaintiff's alleged damages are inflated. After the Court denied defendants' motion to dismiss, the Underlying Action is now in the discovery phase.

1

2.      QBE issued an insurance policy to Named Insured World Marine Offshore A/S ("WMO") (the "Policy").  QBE is providing a defense to former officers of WMO, Lars Christian Zohner ("Zohner") and Jimmy T. Kristensen ("Kristensen"), who are both defendants in the Underlying Action.  The defense is being provided under a reservation of rights.  The Policy is eroding in that defense costs deplete the available policy limits.  Plaintiffs allege damages that exceed the policy limits.  QBE and the Defendants dispute liability and the extent of Plaintiffs' damages.

3.      This action was filed on August 12, 2024. The Complaint alleges that QBE has violated Mass. Gen. Laws c. 93A and 176D, inter alia, because it failed to timely settle the Underlying Action when the Plaintiffs allege that liability against Zohner and Kristensen was reasonably clear and because QBE is wrongfully depleting the available policy limits only to lodge erroneous defenses.  See, e.g., Doc. No. 45 in Underlying Action. QBE denies this allegation and maintains that the Underlying Action is completely defensible and liability is far from reasonably clear.

4.      On September 5, 2024, the parties' counsel conferred via phone and email and agreed to stay this action in exchange for QBE's acceptance of service of the Complaint and upon QBE's filing of an Answer by October 12, 2024.

5.      This Court has the inherent power to control the disposition of the cases on its docket, which includes the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "[A] typical reason [to stay a case] is the pendency of a related proceeding in another tribunal." *Hewlett-Packard Co., Inc. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995).

6. When considering a motion to stay where a common issue exists over two overlapping suits, "courts may stay one case to avoid 'duplication of effort and potentially inconsistent judgments.'" *Blue Cross and Blue Shield of Mass., Inc. v. Regeneron Pharma., Inc.*, 633 F. Supp. 3d 385, 392 (D. Mass. 2022), quoting *Acton Corp. v. Borden*, 670 F.2d 377, 382 (1st Cir. 1982) (Breyer, J.). "Courts must also 'weigh the competing interests' of the parties and 'the court's interest in efficient procedures.'" *Id.*, quoting *Taunton Gardens Co. v. Hills*, 557 F2d 877, 879 (1st Cir. 1977).

7. Given the status of the Underlying Action and the agreement between the parties, , it is in the parties' best interest and in the interest of judicial economy to enter a stay in this matter until the Underlying Action is resolved because a stay of this proceeding will conserve judicial resources, prevent the parties from incurring unnecessary costs, and allow time for the liability of the parties in the Underlying Action to be adjudicated.

8. If a stay is not allowed, then the parties and the Court will incur unnecessary time and expense to litigate issues in this action that, with the benefit of time, may be resolved by the Underlying Action's outcome.

9. Plaintiffs' counsel and QBE's counsel have conferred in advance of this motion and have agreed that no prejudice will result from the allowance of this motion and the relief sought, without waiving Plaintiffs' claim they are otherwise prejudiced by the eroding policy and QBE's failure to promptly settle.[1]

---

[1] Again, QBE denies that it is required to cut off its own insureds' meritorious defense by settling Plaintiffs' claims for an inflated amount that is not warranted based on the questionable merits of Plaintiffs' claims and their uncertain damages.

WHEREFORE, the parties jointly move the Court to enter an Order staying this matter until further Order of this Court. A Proposed Order to Stay is appended hereto for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| /s/Olaf Aprans_____ | /s/ Scarlett M. Rajbanshi |
| David S. Smith, Esq. | Scarlett M. Rajbanshi, BBO #666103 |
| Olaf Aprans, Esq. | Matthew T. Westhoff, BBO# 711741 |
| Farrell Smith O'Connell Aarsheim Aprans, LLP | PEABODY & ARNOLD LLP |
| 27 Congress Street, Suite 109 | Federal Reserve Plaza |
| Salem, MA 01970 | 600 Atlantic Avenue |
| Tel: 978-744-8918 | Boston, MA 02210-2261 |
| dsmith@fsofirm.com | Tel.: (617) 951-2100 |
| olaf@fsofirm.com | srajbanshi@peabodyarnold.com |
| | mwesthoff@peabodyarnold.com |
| *Attorneys for Plaintiffs Michael Landry, Treadwell Franklin Infrastructure Capital, LLC, and Patriot Offshore Marine Services, LLC* | *Attorneys for Defendant QBE Europe SA/NV* |

Dated: November 6, 2024

## CERTIFICATE OF SERVICE

      I, Scarlett M. Rajbanshi, hereby certify that I have, on November 6, 2024, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF). Participants in this case not registered on the ECF system, if any, will receive service through regular first-class mail.

                                                         /s/ *Scarlett M. Rajbanshi*
                                                         Scarlett M. Rajbanshi

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL LANDRY, TREADWELL FRANKLIN INFRASTRUCTURE CAPITAL, LLC, and PATRIOT OFFSHORE MARINE SERVICES, LLC,<br><br>           Plaintiffs,<br><br>v.<br><br>QBE Europe SA/NV,<br><br>           Defendant. | Civil Action No.: 1:24-cv-12062-AK |

**(PROPOSED) ORDER ON THE PARTIES' JOINT MOTION TO STAY**

This matter is before the Court on the joint motion of the parties to stay this action pending resolution of the underlying action pending in this Court captioned *Michael Landry, et al. v. World Marine Offshore A/S, et al.*, Case No. 1:22-cv-11432-AK, filed on September 7, 2022. For good cause shown and based on the parties' agreement, the motion is hereby **GRANTED**. This action shall be stayed until further Order of the Court.

**IT IS SO ORDERED**.

Dated: _____.

_____
Hon. Angel Kelley
United States District Judge